IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:04-cr-318

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| MICHAEL EUGENE YOUNG, ) | |
| ) | |

**THIS MATTER** comes before the Court on the defendant's Rule 41(g) Motion for Return of Property (Doc. No. 16), his related filings (Doc. Nos. 19, 21, 39), and the government's Response and Notice Regarding Asset Values (Doc. Nos. 20, 36).

The Court held an evidentiary hearing to determine whether the defendant was lawfully entitled to the return of property seized at his arrest. Babb v. DEA, 146 F. App'x 614, 620 (4th Cir. 2005) (the government may retain property if it proves the property is subject to forfeiture pursuant to 21 U.S.C. § 881 or if the claimant fails to establish that he is lawfully entitled its return). After receiving testimony from both parties, the Court held that the government had made a sufficient showing that a stolen shotgun and United States currency were subject to forfeiture, but that the defendant was entitled to the return of a cell phone, laptop computer, and video camera. The Court directed the government to file a pleading documenting the auction price received when the items were disposed by the local police department.

According to the defendant's motion and statements at the hearing, the laptop computer was "valued at" approximately $1,500, the video camera at $900, and the cell phone at $250.[1] (Doc. No. 16 at 1). The government reports that the cell phone was sold at auction in a lot of 9 for $50; the laptop was sold for $100 after the removal of the hard drive pursuant to police

---

[1] The defendant did not provide any documentation or model descriptions to establish the asserted values.

policy; and that the video camera was determined to be worthless based on its poor condition, but that other video cameras sold for between $25 and $170. (Doc. No. 36: Notice at 1-2).

The Defendant has not provided any receipts.  The government has not shown the Court little evidence of fair market value beyond auction price, and even that only after the Government stripped the hard drive out of a laptop the Court found it did not demonstrate a legal basis to forfeit.  TheCourt finds that the following values: $1,000 for the laptop computer, $100 for the cell phone, and $300 for the video camera for a total of $1400

**IT IS, THEREFORE, ORDERED** that the defendant's motion is **GRANTED in part and DENIED in part**, as stated at the conclusion of the hearing.

 **IT IS FURTHER ORDERED** that the government shall remit to the defendant $1,400 within 90 days of the entry of this Order as fair compensation for the items to which he was lawfully entitled.

Signed: January 11, 2012

Robert J. Conrad, Jr.
Chief United States District Judge